JUSTICE RICE
dissenting:
¶32 I join in Justice Leaphart's dissent and find the Court's decision flawed for additional reasons.
¶33 The Court premises its interpretation of § 20-4-203, MCA, on the proposition that "there is no such thing as district superintendent certification in Montana." ¶15. However, the Court ignores the very authority it cites for this proposition. Rule 10.57.403, ARM, is entitled "CLASS 3 ADMINISTRATIVE CERTIFICATE" (emphasis added). This rule sets forth the requirements for administrative certification of superintendents, principals, and other supervisory personnel. Those who meet the stated requirements receive an endorsement for each position they are certified for.
¶34 The position description for Small's job required that he possess a "valid Montana Superintendent's Certificate." While Small now conveniently contends that superintendent certification does not exist, he took a decidedly different stance when he offered himself as a qualified applicant for the position. It is incongruous for him to argue, and erroneous for this Court to hold, that certification for superintendents does not exist in Montana, when the law clearly provides for it.
¶35 The Court declares § 20-4-203, MCA, to be unambiguous. A review of the procedural history of this case reveals that the District Court found the statute to say something different than the Browning School Board, the County Superintendent and State Superintendent Nancy Keenan found. Now, the justices of the Montana Supreme Court cannot agree on its meaning. Apparently, everyone who reads the statute believes it to be abundantly clear—they just disagree about what it clearly says. In such cases, it is helpful to examine the purpose of the statute, and here the Browning School Board has offered rational public policy reasons for excluding assistant superintendent positions from the teacher tenure statutes.
¶36 Small applied for and accepted a position requiring that he possess a valid Montana Superintendent's Certificate. He performed the duties and received the benefits of his management position, including a salary of $60,800 per year. I believe his effort to now redefine himself as a teacher and wring tenure for himself from the law conflicts with the language of the statute and the public policy rationale underlying the statute.
¶37 I would reverse the District Court's decision finding Small is entitled to tenure.